1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
9              AT TACOMA

10   LONNIE BURTON,

11              Plaintiff,                      CASE NO. 3:15-CV-05862-BHS-JRC

12        v.                                    ORDER GRANTING MOTION TO
                                                AMEND
13   TRACY SCHNEIDER et al.,

14              Defendants.

15

16        The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

17   Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §

18   636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

19        Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint

20   pursuant to 42 U.S.C. § 1983. Presently before the Court is plaintiff's motion to amend

21   complaint. Dkt. 14. Plaintiff seeks to add defendants Gonzalez, Nesbitt, and Campbell and

22   withdraw his claim regarding his rejected incoming Prison Legal News mail. Dkt. 14 at 1.

23   Defendants filed a response objecting to plaintiff's motion to amend. Dkt. 15.

24        Under Rule 15(a) of the Federal Rules of Civil Procedure,

ORDER - 1

(1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Defendant filed a responsive pleading – an answer – on February 11, 2016. Dkt. 12. Plaintiff filed his motion to amend on March 1, 2016, which is less than 21 days after the answer was filed. *See* Dkt. 12, Dkt 14. Although plaintiff's motion to amend was entered on the Court's docket on March 4, 2016 -- one day past the 21-day deadline in Rule 15 -- the filing date of a Court document is the date that the plaintiff signs and delivers the document to prison authorities for mailing. *See Douglas v. Noelle,* 567 F.3d 1103, 1107 (9th Cir. 2009) ("the mailbox rule" established in *Houston v. Lack,* 487 U.S. 266, 276 (1988), applies to section 1983 suits filed by pro se prisoners, thus rendering the "filing date" of a court document as the date plaintiff signs and delivers the document to prison authorities for mailing).

Because plaintiff signed his motion to amend on March 1, 2016, and since this is plaintiff's first Amended Complaint, plaintiff has the right to file an amended complaint as a matter of course. "When the plaintiff has the right to file an amended complaint as a matter of course, [ ] the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." *Thomas v. Home Depot U.S.A., Inc.*, 2007 WL 2140917, * 2 (N.D. Cal. July 25, 2007) (*quoting Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007)).

1    Accordingly, plaintiff's motion to file an amended complaint (Dkt. 14) is granted as a

2  matter of course. The Clerk is ordered to docket plaintiff's proposed amended complaint (Dkt.

3  14-1) as his amended complaint.

4    Dated this 15th day of April, 2016.

5

6    _____
     J. Richard Creatura

7    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 3