1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

LONNIE L. BURTON,

Plaintiff,

v.

TRACY SCHNEIDER, et al.,

Defendants.

CASE NO. C15-5862 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

13   This matter comes before the Court on the Report and Recommendation ("R&R")

14   of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 31), and

15   Plaintiff Lonnie Burton's ("Plaintiff") objections to the R&R (Dkt. 32).

16   **I. BACKGROUND**

17   Plaintiff, an inmate, alleges his First and Fourteenth Amendment rights were

18   violated when Defendants rejected his incoming and outgoing mail at Clallam Bay

19   Corrections Center ("prison") because the mailings contained sexually explicit material

20   and third party correspondence. Dkt. 17.

21   On September 8, 2016, Plaintiff filed a motion for summary judgment. Dkt. 22. In

22   support of his motion, Plaintiff filed a declaration. Dkt. 22-1. On September 12, 2016, in

1   opposition to Plaintiff's motion, Defendants filed a cross-motion for summary judgment.

2   Dkts. 23, 28. In support of their motion, Defendants submitted the declarations of

3   Defendant Gonzalez, Rebecca Citrak, and Tara Hosler. Dkts. 24, 25, 26. On September

4   22, 2016, Plaintiff responded. Dkts. 27, 29. On October 7, 2016, Defendants replied. Dkt.

5   30.

6        On November 29, 2016, Judge Creatura entered his R&R, recommending that the

7   Defendant's cross-motion for summary judgment be granted, that Plaintiff's motion for

8   summary judgment be denied, and that the case be closed. Dkt. 31. On December 12,

9   2016, Plaintiff objected to the R&R. Dkt. 32. On December 23, Defendants responded to

10  the objections. Dkt. 33.

11                               **II. DISCUSSION**

12       The district judge must determine de novo any part of the magistrate judge's

13  disposition that has been properly objected to. The district judge may accept, reject, or

14  modify the recommended disposition; receive further evidence; or return the matter to the

15  magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

16       Plaintiff's objections are five-fold. First, he claims that R&R improperly construes

17  disputed facts in favor of Defendants. Second, he claims that the R&R wrongly concludes

18  that his incoming mail was lawfully rejected. Third, he claims that the R&R wrongly

19  concludes that the prison's outgoing mail restrictions were lawful. Fourth, he claims that

20  the R&R wrongly concludes that the photos in his incoming mail were sexually explicit

21  under the definition set forth in the prison's policies. Fifth, he claims that the R&R

22  wrongly concludes that his due process rights were not violated.

1    **A.    First Objection: Summary Judgment Standard**

2           Plaintiff claims that the R&R violates the summary judgment standard by

3    construing disputes of fact in favor of Defendants. Dkt. 32 at 2–3. On summary

4    judgment, all facts and reasonable inferences drawn therefrom must be construed in the

5    light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026

6    (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011)).

7           To support this objection, Plaintiff first argues that Judge Creatura improperly

8    viewed the nude photos of a buttocks received by Plaintiff as "sexually explicit" under

9    DOC Policy 450.100. Dkt. 32 at 3. This prison policy prohibits mail that "[c]ontains

10   sexually explicit material as defined in WAC 137-48-020 and/or references sexually

11   explicit behavior." Dkt. 24-1. In turn, WAC 137-48-020 has defined "sexually explicit

12   materials" as follows:

13           (13) "Sexually explicit materials" consist of any item displaying,
             portraying, depicting, or describing:
14                   (a) **Nudity**, which includes exposed/visible (in whole or part,
             including under or through translucent/thin materials providing intimate
15           physical detail) genitals/genitalia, **anus**, and/or female/transgender breast
             nipple(s). . .
16
17   WAC 137-48-020 (emphasis added). The emails implicated under this argument are

18   photographs of a nude buttocks. As Judge Creatura noted, "[t]he undisputed evidence

19   [including Plaintiff's complaint] shows that the message contained an image of a

20   completely nude man viewed from behind." Dkt. 17 at 16, Dkt. 22 at 17–18, Dkt. 24 at 9.

21   Under these facts, there can be no genuine dispute over the nude photo's qualification as

22   "sexually explicit material" under DOC Policy 450.100.

1       Plaintiff next argues that it "is a hotly-contested factual statement" that "the
2 restriction of third party correspondence protects the public safety by ensuring that the
3 DOC can identify the true sender and recipient of the mail." Dkt. 32 at 3–4 (quoting Dkt.
4 31 at 2). Plaintiff argues that this is a dispute of fact because *his* mail included the names
5 of the third party senders, and their identities could therefore be ascertained. But this is
6 insufficient to create a genuine dispute of fact, let alone a material one. *See* Fed. R. Civ.
7 P. 56(a). There is evidence on the record to suggest that *generally*, third party
8 correspondence can create a public danger by preventing prisons from identifying the true
9 senders and recipients of mail. Dkt. 24 at 3. In contrast, there is no evidence on the record
10 that contradicts this proposition. Therefore, it was proper for Judge Creatura to conclude
11 that "defendants have shown that the restriction of third party correspondence protects
12 public safety by ensuring that the DOC can identify the true sender and recipient of the
13 mail." Dkt. 31 at 2. Moreover, as Judge Creatura noted, "the appropriate inquiry is
14 'whether the defendants' judgment was 'rational,' that is, whether the defendants might
15 reasonably have thought that the policy would advance its interests.'" Dkt. 31 at 10
16 (quoting *Mauro v. Arpaio*, 188 F.3d 1054, 1060 (9th Cir. 1999)). That Plaintiff's mail
17 included the third party senders' true names is immaterial to an analysis on the overall
18 reasonableness of the restriction at issue.

19       Plaintiff also argues that it was error to rely on the declaration of Defendant
20 Gonzalez "to characterize the May 12, 2015, mail rejection as 'email conversation
21 between [Plaintiff] and a third party.'" Dkt. 32 at 4 (quoting Dkt. 31 at 7). However, the
22 declaration included a letter written by Defendant describing that, in the May 12

correspondence, "[a] friend of mine had sent me some emails from another person that were intended for me." Dkt. 24-1 at 61. Accordingly, there is no genuine dispute that the email in question included third party correspondence.

Finally, although Plaintiff states that he never received responses on certain appeals, *see* Dkt. 32 at 4 (citing Dkt. 22-1 at 2–4), he nonetheless admits to receiving notices on his JPAY account stating that those appeals were rejected. Dkt. 29-1. That Plaintiff did not understand how the "ID numbers" from those notices corresponded to his numerous appeals does not create a genuine dispute on whether (1) his appeals were reviewed, (2) he received notice on the appeal rejections, or (3) he received due process. Therefore, Plaintiff has failed to show that the R&R wrongly construed a genuine dispute of fact in favor of Defendants.

**B.    Second Objection: Incoming Mail Restrictions**

Plaintiff contends that the R&R wrongly concludes that the prison has "'a strong interest in rejecting third party mail' and that doing so promotes 'the protection of public safety and security.'" Dkt. 32 at 5 (quoting Dkt. 31 at 9–10). However, all of Plaintiff's arguments are specific to the particular messages that he complains should not have been rejected. *See* Dkt. 32 at 5–8. It appears that Plaintiff fails to understand that the applicable constitutional test is not whether his mail, in this specific instance, creates a danger to the public. Instead, the relevant legal test is whether the mail policy that led to the restriction of Plaintiff's correspondence is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). That third party correspondence can be used to prevent prisons from identifying the true senders and recipients of mail is well-explained

1    in the declaration of Defendant Gonzalez. Dkt. 24 at 3. Plaintiff may be correct that *his*

2    mail presented no danger because it contained the true identities of the third party

3    senders. However, this fact is immaterial—it does not lessen the danger that third party

4    correspondence can be used by those who would omit or provide false identities. Judge

5    Creatura properly analyzed the prison's mail policy under each of the factors of the

6    *Turner* test, including the prison resources involved in checking each email to verify third

7    party senders' identification, and properly concluded that the prison's general restriction

8    on third party mail does not violate the First Amendment. *See* Dkt. 31 at 9–12.

9    **C.    Third Objection: Outgoing Mail Restrictions**

10        Plaintiff argues that Judge Creatura used "the wrong legal standard" in analyzing

11    the prison's restriction on outgoing mail intended for third parties. Dkt. 32 at 8. However,

12    Judge Creatura clearly employed the appropriate "generally necessary" test under

13    *Procunier v. Martinez*, 416 U.S. 396 (1974) and *Thornburgh v. Abbott*, 490 U.S. 401

14    (1989). Dkt. 31 at 12–13.

15        Plaintiff also claims that the prison's identified interest in restricting outgoing

16    third party communications is no more than a "theoretical purpose" that does not qualify

17    under "the substantial governmental interests of security, order, and rehabilitation."

18    *Martinez*, 416 U.S. at 413. However, the authority that Plaintiff provides in support of his

19    position directly contradicts this argument. *See Lucas v. Scully*, 71 N.Y.2d 399 (1988)

20    (stating that prisons may lawfully prohibit outgoing mail that is not intended for the

21    addressee). Evidence shows "that both incoming and outgoing third party mail inhibits

22    the ability of the DOC to determine who offenders are corresponding with, and that such

1 information is important to public safety and security of the prison." Dkt. 31 at 13 (citing

2 Dkt. 24). While Plaintiff claims that the message in this particular case accurately

3 identified the intended third party recipients and therefore posed no danger, this does not

4 mean that the regulation against third party correspondence is not "generally necessary."

5 Reviewing the record and the reasoning set forth in the R&R, the Court agrees with Judge

6 Creatura's conclusion that "Defendants have provided sufficient justification for the

7 rejection of Plaintiff's outgoing mail and Plaintiff has not presented any evidence to the

8 contrary, showing an issue of material fact." Dkt. 31 at 14.

9 **D.      Fourth Objection: Nude Photographs of a Buttocks as "Sexually Explicit"
        Materials**

10       The Court has already addressed Plaintiff's contention that the photograph he

11 received of a man's nude buttocks was not "sexually explicit" within the meaning of

12 DOC policy 450.100. WAC 137-48-020(13), which DOC Policy 450.1000 incorporates,

13 defines "sexually explicit materials" as any image including "[n]udity, which includes

14 exposed/visible . . . genitals/genitalia, anus, and/or female/transgender breast nipple(s) .

15 . ."

16       There is no dispute that the image at issue was a photograph from behind of a

17 completely nude man. Just because Plaintiff asserts in his complaint, summary judgment,

18 and other filings that the photo was not "nudity" or "sexually explicit" does not make it

19 so. Plaintiff's argument hinges entirely on the distinction he draws between an image of a

20 "buttocks" and an image of an "anus," *see* Dkt. 32 at 12, but this argument is unavailing.

21

22

1        First, despite his arguments otherwise, Plaintiff has not established that

2   "genitals/genitalia, anus, and/or female/transgender breast nipple(s)" were intended as an

3   exhaustive list of body parts that, when exposed, constitute "nudity" under WAC 137-48-

4   020(13)(a). When WAC 137-48-020(13)(a) provides the general term "nudity" followed

5   by the term "including," the subsequent list of body parts is best interpreted under the

6   cannon of *ejusdem generis*, not that of *expressio unius est exclusio alterius*. *State v.*

7   *Flores*, 164 Wn.2d 1, 13, 186 P.3d 1038, 1044 (2008) ("The ejusdem generis rule is

8   generally applied to general and specific words clearly associated in the same sentence in

9   a pattern such as '[specific], [specific], or [general]' or '[general], including [specific]

10  and [specific].") (quotation omitted). *See e.g.*, *Lewis Cty. v. W. Washington Growth*

11  *Mgmt. Hearings Bd.*, 157 Wn.2d 488, 516 (2006); *State v. Bernard*, 121 Wn. App. 1005

12  (2004) (unpublished). Therefore, while the terms "genitals/genitalia, anus, and/or

13  female/transgender breast nipple(s)" are critical in guiding the interpretation of the more

14  general term "nudity," they do not create an exclusive list of nude body parts that must be

15  visible in the image to qualify as "sexually explicit materials" under WAC 137-48-

16  020(13)(a).

17        Second, Plaintiff's restrictive interpretation of WAC 137-48-020(13)(a) would

18  necessarily lead to absurd results in its implementation, and such interpretations are to be

19  avoided. *See State v. Ervin*, 169 Wn.2d 815, 823–24 (2010) ("[Courts] presume the

20  legislature does not intend absurd results and, where possible, interpret ambiguous

21  language to avoid such absurdity."). For instance, under Plaintiff's interpretation, an

22  image that depicts an entirely nude person with nipples and genitalia censored in the most

minimal way could not be interpreted as "nudity" or "sexually explicit material," despite the fact that such an image would clearly reveal the anatomy of its subject in intimate detail and implicate the exact same security concerns as an uncensored version.

Finally, the appropriate test is not whether prison officials made a mistake in applying their own policies, but rather, whether they acted *unreasonably* in doing so. *See Clark v. Mason,* 2007 WL 2417154, at \*2 (W.D. Wash. Aug. 20, 2007); *Hargis v. Foster,* 312 F.3d 404, 410 (9th Cir. 2002). In light of the clear language in WAC 137-48-020(13)(a) defining images of an "anus" as "nudity," no rational juror could conclude that the prison officials acted unreasonably in applying this restriction to an image of a nude "buttocks." Accordingly, Plaintiff's claim regarding his correspondence containing the nude image of a man's buttocks fails as a matter of law.

**E.     Five Objection: Due Process to an Appeal**

Finally, Plaintiff argues that Judge Creatura erred in finding that (1) Plaintiff received responses to his appeals, and (2) the restriction on his correspondence was reviewed on three levels, as opposed to two only. Dkt. 32 at 14–15. The Court has already addressed this issue in the context of Plaintiff's first objection. The evidence cited by Judge Creatura clearly sets out that Plaintiff received three levels of review on the restriction of his correspondence and that he received notice of the decisions. Dkt. 29-1. Plaintiff's assertions otherwise, unsupported by any actual evidence, are insufficient to create a *genuine* dispute of material fact—especially in light of his sworn statement establishing that he did receive notice of the denial of his appeals. *See* Dkt. 29-1.

1

**III. ORDER**

2        The Court having considered the R&R, Plaintiff's objections, and the remaining

3   record, does hereby find and order as follows:

4        (1)        The R&R is **ADOPTED**; and

5        (2)        This action is **DISMISSED**.

6        Dated this 8th day of February, 2017.

7

8                                                        _____

9                                                        BENJAMIN H. SETTLE
                                                         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22