# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

LONNIE BURTON,

    Plaintiff,

v.

TRACY SCHNEIDER, et al.,

    Defendants.

CASE NO. C15-5862 BHS

ORDER REQUESTING ADDITIONAL BRIEFING AND RENOTING PLAINTIFF'S MOTION

This matter comes before the Court on Plaintiff Lonnie F. Burton's ("Burton") motion for compliance with 28 U.S.C. § 1915 (Dkt. 40).

On December 3, 2015, Judge Creatura entered an order granting Burton's motion to proceed *in forma pauperis* ("IFP") and directing the agency having custody of Burton to collect and forward partial filing fees for this action. Dkt. 5. On February 8, 2017, the Court entered judgment in favor of Defendants dismissing Burton's claims. Dkt. 35.

On August 1, 2017, Burton filed the instant motion requesting the Court to order the Washington Department of Corrections ("DOC"), the agency having custody of Burton, to comply with the IFP statute and the Court order. Dkt. 40. Burton alleges that

DOC officials are not properly collecting and forwarding payments from Burton's prison account. *Id*.

On August 11, 2017, Defendants responded and request that the Court strike or deny the motion. Dkt. 42. Defendants contend that Burton raises a new claim for injunctive relief that is outside the bounds of this case, and, therefore, he must file a new case to challenge DOC's alleged actions. *Id*. In the alternative, Defendants offer to provide additional briefing on the merits if requested. *Id*.

On August 17, 2017, Burton replied arguing that he is only requesting the Court to enforce the order issued at the beginning of the matter. Dkt. 43.

In civil cases, the Court has the authority to waive the prepayment of filing fees if a party is indigent and the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), does not apply. 28 U.S.C. § 1915(a). Burton, however, is a prisoner whose complaint is governed by the PLRA. 28 U.S.C. § 1915(b). "Although a prisoner may obtain IFP status under the PLRA, this does not result in a waiver of the fees—it merely allows the inmate to pay the fees in installments when there are sufficient funds in his prison account." *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 (3d Cir. 2009) (citing 28 U.S.C. § 1915(b)). Thus, even if Burton obtains IFP status, the Court has "no authority to waive his fees under the PLRA." *Id*.

Without further briefing, it seems unjust to require Burton to incur additional fees in a separate action to challenge the collection and payment of fees for this matter. Moreover, it appears that numerous courts have addressed assessment and collection of fees issues under the same case number as the merits of the complaint. *See*, *e.g.*, *Newlin*

DOC officials are not properly collecting and forwarding payments from Burton's prison account. *Id*.

On August 11, 2017, Defendants responded and request that the Court strike or deny the motion. Dkt. 42. Defendants contend that Burton raises a new claim for injunctive relief that is outside the bounds of this case, and, therefore, he must file a new case to challenge DOC's alleged actions. *Id*. In the alternative, Defendants offer to provide additional briefing on the merits if requested. *Id*.

On August 17, 2017, Burton replied arguing that he is only requesting the Court to enforce the order issued at the beginning of the matter. Dkt. 43.

In civil cases, the Court has the authority to waive the prepayment of filing fees if a party is indigent and the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), does not apply. 28 U.S.C. § 1915(a). Burton, however, is a prisoner whose complaint is governed by the PLRA. 28 U.S.C. § 1915(b). "Although a prisoner may obtain IFP status under the PLRA, this does not result in a waiver of the fees—it merely allows the inmate to pay the fees in installments when there are sufficient funds in his prison account." *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 (3d Cir. 2009) (citing 28 U.S.C. § 1915(b)). Thus, even if Burton obtains IFP status, the Court has "no authority to waive his fees under the PLRA." *Id*.

Without further briefing, it seems unjust to require Burton to incur additional fees in a separate action to challenge the collection and payment of fees for this matter. Moreover, it appears that numerous courts have addressed assessment and collection of fees issues under the same case number as the merits of the complaint. *See*, *e.g.*, *Newlin*

*v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), *overruled on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). Regarding the merits, at least one court has interpreted the phrase "when the funds exist" in the IFP statute to mean an "immediate" assessment and collection upon a deposit of prison wages. *Newlin*, 123 F.3d at 435–6. Moreover, the "PLRA does not create ordinary debts that prisoners must satisfy." *Hall v. Stone*, 179 F.3d 1043, 1044 (7th Cir. 1999). Instead,

> [a]n order under 28 U.S.C. § 1915(b) is addressed *to the Warden*, directing the Warden, as trustee of the account, to disburse it in a particular way. When a judge issues an order directly to a trustee in that fiduciary role, the trustee must comply unless the order is stayed or set aside on appeal. Under no circumstances may the judicial order be ignored or countermanded by the trust beneficiary.

*Id*. Regardless, additional briefing would assist the Court in resolving the identified issues. Therefore, Defendants may file a supplemental response no later than October 6, 2017, Burton may file a supplemental reply no later than October 13, 2017, and the Clerk shall renote Burton's motion for consideration on the Court's October 13, 2017 calendar.

**IT IS SO ORDERED**.

Dated this 12th day of September, 2017.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3